Deaderick, J.,
delivered the opinion of the court.
This is. an appeal from the First Chancery Court of Memphis, from a judgment on motion, rendered in favor of complainant Hill, against A. Alston, formerly clerk and master of that court.
Hill filed his bill against Walker and others, seeking to enforce the redemption of a tract of land in Shelby County, as a creditor of William Walker, and paid into court, to the clerk and master, Alston, $1,500, in gold, on the 31st of July, 1866. Of this sum, $221.55 were subsequently returned to him, leaving a balance of $1,278.45 still in his hands.
The judgment on motion was rendered for $1,278.45 in gold, with interest from the 15th of February, 1870, less $88.38 in currency, due from Hill to Alston for a bill of costs.
*570 The record shows that the $1,500 in gold was. deposited by Alston in The Gayoso Savings Institution, as a special deposit, in the same bag in which it was when received by him, and that, upon the request of the cashier, Aiston allowed the officers of the bank to change the deposit from a special to a general deposit.
At the time this gold was on deposit, Alston had on deposit in the same bank a large amount belonging to other parties in cases pending in the chancery court, and also some of his private, or individual means.
All these deposits were entered upon the bank’s book and Alston’s pass-book as deposits made by him, and to his credit. He had but the one account, and this showed funds deposited aud checked out by him in his own name, — not in his official character.
While this gold was on deposit, Alston applied to the cashier to pay him interest on his deposits.
He states that they allowed him interest, and entered it on his pass-book; that he made no calculation of the interest, but took what they allowed him; but that on the gold deposit he never received any interest.
It is shown, however, that interest on gold was. credited on his pass-book: but he states that he did not observe the entry until some time after it was made.
The deposits by Alston were large and numerous, running from August, 1865, to January, 1867.
In February, 1868, the bank failed. All the deposits made by Alston had been previously checked out, except the gold, $1,278.45, and part of $107.70, the interest stated to be due on the gold, upon an *571 account stated the 24th of January, 1868, a short time before the failure.
In the same account, $1,140 is credited to Alston for interest on the deposits in currency, in addition to $107.70, interest on gold. This $1,140 was' checked out, and $44.42 more which is deducted from the accrued interest on the gold, showing a balance of only $1,331.73 on deposit at the time of the failure;whereas, if no part of the interest on the gold had been checked out, there would have been a balance of $1,386.15, principal and interest, as allowed by the bank to Alston's credit at the time of the failure.
It is true, that throughout the account, the gold-deposit was designated as gold; but it was gold to the credit of Alston, in his own name, as the currency was. The designation of it on the books as-gold, showed that the depositor had the right to claim gold. But it did not show that he held in trust for another, or in his official character, as clerk and master.
Unless the $44.42 was paid upon the accrued gold interest, Alston has overdawn his currency account, including the $1,140 interest which he received.
We are of opinion that Alston’s keeping the gold on deposit, with the other funds received in his official character, and with his own private funds, all in one and the same account, in his own name invidually, — his changing the character of the gold deposit from a special to a general one, — and his contracting for and receiving interest upon these deposits, made him personally liable for the loss occasioned by the failure of The Gayoso Savings Institution.
*572 The judgment of the court below will be affirmed, and judgment will be rendered here for the value of •the gold at the date of the motion, the 15th of February, 1870, deducting the $88.38 due Alston.